### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**ROBERT ALAN DAVIS**                                                                 **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:16CV-5-TBR**

**BOB RICHTER** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION

On January 4, 2016, Plaintiff Robert Alan Davis filed a *pro se* complaint (DN 1) and paid the $400.00 filing fee. On the next day, January 5, 2016, the Clerk of Court issued a Notice of Summons (DN 3) advising Plaintiff that no summonses were tendered with his complaint, sending him fourteen summons forms, and instructing him to complete a summons form for each Defendant and return them to the Clerk's Office. Plaintiff did not complete and return a summons form for each Defendant. In fact, a review of the record reveals that he took no action in this suit since filing the complaint. Due to this inaction, the Court entered a Text Order (DN 4) on February 3, 2017, directing Plaintiff to file a status report on or before March 3, 2017, to show cause why the case should not be dismissed for lack of prosecution. The compliance time has passed without any response by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se*

litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Plaintiff having failed to take any action in this matter for over a year and having failed to comply with a straightforward Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action. Consequently, this action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
4416.005